UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor,<br><br>      Petitioner,<br><br>  v.<br><br>**ALL TEMPORARIES MIDWEST, INC.**, a Minnesota corporation, and<br>**MARK LIVERINGHOUSE**, an individual,<br><br>      Respondents. | Civil Action No.: |

## COMPLAINT

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin **ALL TEMPORARIES MIDWEST, INC.**, a Minnesota corporation, and **MARK LIVERINGHOUSE**, an individual, (hereinafter collectively, "Defendants"), from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, et seq.), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to sections 16(c) and 17 of the Act. 29 U.S.C. §§ 216(c), 217.

I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

(A)   Defendant **ALL TEMPORARIES MIDWEST, INC.** is and, at all times hereinafter mentioned, was a Minnesota corporation with an office and place of business located

in Hennepin County at 4200 Central Avenue NE, Minneapolis, Minnesota 55418, within the jurisdiction of this Court, and at all times hereinafter mentioned, is and was engaged in the business of providing temporary nurse staffing to long-term care centers un Minnesota.

(B)     Defendant **MARK LIVERINGHOUSE,** is and, at all times hereinafter mentioned, was an owner of Defendant, **ALL TEMPORARIES MIDWEST, INC.,** and was engaged in business within Minnesota at the address identified above in paragraph II.(A), and acted directly or indirectly in the interest of **ALL TEMPORARIES MIDWEST, INC.,** in relation to its employees. **MARK LIVERINGHOUSE**, is an employer within the meaning of section 29 U.S.C. § 203(d) of the Act in that he exercises operational control of the temporary staffing agency, supervises, hires, and fires employees, and determines pay practices for **ALL TEMPORARIES MIDWEST, INC.**

### III

The corporate defendant, **ALL TEMPORARIES MIDWEST, INC.**, is and, at all times hereinafter, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1)(A).

### IV

Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing at least fifty-eight (58) of their employees working as certified nursing assistants, licensed practical nurses, registered nurses and office staff for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours

per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

    A. For some employees, Defendants simply paid the regular rate ("straight time") for hours worked in excess of 40 in a workweek, which resulted in employees earning less than one and one-half times the regular rate for hours worked in excess of 40 in a workweek.

    B. For the majority of employees, Defendants used a rate lower than the employees' regular rate when calculating the overtime premium for hours worked in excess of 40 in a workweek, which resulted in paying employees less than one and one-half times the regular rate for hours worked in excess of 40 in a workweek.  This practice of using a rate lower than the regular rate to calculate overtime premiums resulted from Defendants' failure to include all applicable remuneration in the "regular rate," as required by 29 U.S.C. § 207(e).  Specifically, Defendants falsely and inaccurately categorized certain payments made to employees as compensation for "mileage" and did not include these payments in their regular rate when calculating overtime premiums.  Despite Defendants labelling payments as "mileage" payments, Defendants were not actually paying for travel expenses but instead compensating for weekly for hours worked that should have been included in employees' regular rate. These false "mileage" payments were precisely calculated by Defendants in such a manner each workweek to give the impression overtime hours were paid at one and one-half times the regular rate when, in fact, overtime hours actually were paid at or very near the regular rate in every workweek without an overtime premium in violation of section 7 of the Act. 29 U.S.C. § 207, 215(a)(2).

V

Defendants repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the regular rates at which employees were employed. Defendants intentionally mislabeled hours worked as "mileage" reimbursement and also failed to track hours worked by employees working as office staff.

VI

During the period since July 10, 2017, Defendants have repeatedly and willfully violated the overtime and recordkeeping provisions of the Act. A judgment which enjoins and restrains these violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act. 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

(a)   For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b)   For an Order

(1)   pursuant to section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount

to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

        (2)     pursuant to section 17 enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

      (c)     For an Order awarding Plaintiff the costs of this action; and

      (d)     For an Order granting such other and further relief as may be necessary or appropriate.

Dated: October 1, 2020

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*s/ David Tanury*
**DAVID TANURY**
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street,
Room 844
Chicago, Illinois 60604
Telephone: 312-353-4454
Facsimile: 312-353-5698
Email: tanury.david.j@dol.gov

5